## OXNARD *versus* SWANTON.

One who had receipted for goods attached on writs, in which receipt was this stipulation, "that they are not to be demanded, except on the executions, which may be recovered in said suits," is not a competent witness for the defendant in the trial of the same actions.

A part of an instruction although in itself erroneous, which when connected with the remainder, leaves no ground for supposing that the jury were misled by it, and other instructions on the same point are *clearly* proper, will furnish no ground of exception.

A *feme covert* under the laws of this State may purchase and sell goods on her own account, and her husband be exempt from liability therefor, though she should dispose of a portion of the avails for the support of her children.

But where such *feme covert* purchases and sells goods with the knowledge and consent of her husband, and he knowingly participates in the profits of their sale, and that she professed to act for him; in an action against him for the value, it is competent for the jury to infer from such facts that the purchases were made upon his credit.

ON EXCEPTIONS from *Nisi Prius*, HOWARD, J., presiding. ASSUMPSIT for goods sold and delivered.

The defendant's wife kept a millinery establishment at Augusta, and she contracted for the goods sued for with the plaintiff, at Portland, and they were such as are kept in those shops. Her husband's name was C. W. Swanton, and her sign over her shop door was "Mrs. C. W. Swanton."

In the plaintiff's book of original entries, the charges were all made to "C. W. Swanton."

Evidence was introduced tending to show that defendant had in some cases bought goods which were delivered to his wife, for which he had been sued.

There was much evidence tending to show that she carried on the business on her own account. Her letters and orders were signed "C. W. Swanton."

It appeared that defendant was frequently in her shop, and sometimes took money out of the drawer; and that his business was blacksmithing, and that by reputation, neither defendant nor his wife were possessed of much property. He hired the building in which the shop was kept, over which his family lived.

The goods in the shop were attached on this and other writs against defendant, and he was active in procuring receiptors for the same.   The receipt contained this stipulation "but they are not to be demanded except on the executions which may be recovered in said suits."

One of the receiptors was offered as a witness by defendant, who was objected to and excluded by the Court.

The plaintiff requested the following instruction, which was given, *that,* if the wife purchased the goods sued for with the knowledge and consent of her husband, and he received knowingly the proceeds of the sales of the goods thus purchased, and this was done while the parties were cohabiting together as husband and wife, the jury might presume that she was his agent, and had his authority to make the purchases.

The defendant requested this instruction, which was also given; *that,* if Mrs. Swanton carried on the business of a milliner, as a sole trader, with the assent of her husband, the profits or proceeds of that business was her property, and she might dispose of it as she pleased; and that she would have a right to dispose of it, or a part of it for the support of her children, or any other person, without impairing her right to the property so acquired; *that* if, as a sole trader, she acquired property, the creditors of the husband would not have any claim, unless she were allowed by the husband to become a sole trader by an understanding with the wife, to defraud the creditors of the husband.

The Judge likewise instructed the jury, that it was competent for the wife to act for her husband, as his agent, by his authority; that such authority might be conferred verbally or in writing, and might be proved directly, or be inferred from facts and circumstances proved; *that* they would decide the question of agency of the wife upon all the facts and circumstances appearing in evidence; *that,* if she was authorized to carry on trade for their joint benefit, or for him solely, the jury would be authorized to find, that she had authority to render him liable for her purchases; *that*

they would determine from the evidence, whether he knew of the business transacted by her in trade, and assented to it, or participated in it, or shared in the profits; *that,* if he did, they might infer, if they deemed it proper, that she acted as his agent, and had his authority to make the purchases shown. But, if the goods were purchased by her without his knowledge and assent, or without his authority express or implied, he would not be liable.

A verdict was returned for plaintiff.

The defendant excepted to the rulings and instructions and filed a motion to set aside the verdict as against law and evidence.

*S. & D. W. Fessenden,* in support of the exceptions.

1. The witness Buckley was improperly rejected by the Court. *Cushman* v. *Loker,* 2 Mass. 106; *Revere* v. *Leonard,* 1 Mass. 93; *Bliss* v. *Thompson,* 4 Mass. 488; *Ely* v. *Forward,* 7 Mass. 25; *Phillips* v. *Bridge,* 11 Mass. 242; *Worcester* v. *Eaton,* 11 Mass. 368; *Bean* v. *Bean,* 12 Mass. 20; *Brown* v. *Atwood,* 7 Maine, 356; *Eldridge* v. *Wadleigh,* 12 Maine, 371; *Butler* v. *Tufts,* 13 Maine, 302; *Pollard* v. *Graves,* 23 Pick. 86; *Johnson & al.* v. *Whidden,* 32 Maine, 230.

2. The instruction given in accordance with request of plaintiff was wrong, as there was no evidence for it to rest upon.

3. Under the laws of this State, the wife is authorized to conduct business on her own account, and the jury were not authorized to find that she had authority to render her husband liable for her purchases. Stat. 1844, c. 117; and 1847, c. 27, § 1; Stat. of 1848, c. 73; and 1852, c. 227 and 291.

They also objected to the instructions given by the Judge, and also that the verdict was against evidence.

*H. P. & L. Deane,* with whom was *G. F. Shepley, contra.*

SHEPLEY, C. J. — Buckley, called as a witness for defendant, was properly excluded. He had signed a receipt given to the sheriff for the goods attached upon this and other

writs, containing this provision; " but they are not to be demanded, except on the executions which may be recovered in said suits." The witness was thus directly interested to prevent a recovery of judgment by the plaintiff. For by his failure to recover, the witness would be relieved so far as it concerns this suit, from all liability upon the receipt.

The instructions given, whether on request of plaintiff's or defendant's counsel, or without request, constituted the rules of law and of duty for the government of the jury. If a single phrase in them considered alone and without regard to those combined with it might lead them into error, other instructions on the same point appear to have been so full and clear, as to remove any doubt which might have been occasioned by the use of that phrase.

The instructions of which complaint is more especially made, were " that they would determine from the evidence, whether he knew of the business transacted by her in trade, and assented to it, or participated in it, or shared in the profits; that if he did, they might infer, if they deemed it proper, that she acted as his agent and had his authority to make the purchases shown."

By the statutes of this State, a *feme covert* may purchase and sell goods on her own account, and for such dealings her husband may not be liable, although she does it with his knowledge and consent.

If such knowledge and consent extended no further than to the transaction of business on her own account and credit, and not to her doing it professing to act for him, or for herself and him, it would not authorize a jury to infer that she acted as his agent, and had authority to make purchases on his credit.

The jury were instructed, on request of defendant's counsel, " that if Mrs. Swanton carried on the business of a milliner as a sole trader, with the assent of her husband, the profits and proceeds of that business was her property, and she might dispose of it as she pleased; and that she

would have a right to dispose of it or a part of it, for the support of her children or any other person, without impairing her right to the property so acquired." Under these instructions and the former, the jury could not have understood that the mere knowledge and assent of the husband that she should carry on such a business, would authorize them to find that she was doing it as his agent, and had his authority for making the purchases.

Such knowledge and consent and acts of the husband as would authorize the jury to infer that his wife conducted the business for him, was more clearly stated by the instructions given on request of plaintiff's counsel. These authorized the jury, if satisfied that "the wife purchased the goods sued for with the knowledge and consent of her husband, and he received knowingly the proceeds of the sales of the goods thus purchased," to find that she acted as his agent.

Regarding all the instructions on this point as presenting the law to the jury, there does not appear to be any just reason to conclude that they could have been led into any error respecting their duty.

The testimony reported would authorize a jury to find a verdict for either party, without affording any good reason for imputing it to prejudice, bias or other improper influence; and in such cases the Court is not authorized to set a verdict aside.         *Exceptions and motion overruled.*