† HUNNEWELL *versus* HOBART & al.

Although there was conflicting evidence upon the issue tried, yet if it so strongly preponderated against the verdict of the jury, as to produce the conviction in the Court, that their judgment was controlled by some improper bias, the verdict will be set aside.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

TRESPASS, *quare clausum*, and for carrying away sundry articles of personal property.

The plaintiff's legal settlement was in the town of Madison. He resided with his family in Bangor, and was supplied for many months as a pauper. Several notices had been given to the overseers of Madison of such supplies, and the defendants, acting under their authority, went to Bangor, and removed plaintiff's family and their furniture to Madison.

For this act of the defendants this action was brought.

A verdict was returned for plaintiff.

A motion was filed to set it aside as being against the law, and the evidence introduced: — and if so, or the instructions given were erroneous a new trial should be granted.

The instructions need not be stated, as the case was disposed of on the motion. The evidence will be understood by the opinion of the Court drawn up by

RICE, J. — The breaking and entering charged in the plaintiff's writ is not denied by the defendants. They, however, justify in their pleadings: — one as an overseer of the poor for the town of Madison, and the other as an agent of that town, acting under authority of the overseers of the poor. They claim to have performed the acts which constitute the alleged trespass, lawfully, in the removal of the plaintiff and his family as paupers, from Bangor to Madison, the place of their legal settlement.

That the legal settlement of the plaintiff was in Madison, is not controverted. That he had received supplies, as a pauper from the city of Bangor, during a considerable portion of the year 1849, and up to January 9, 1850, appears from the evidence. Nor is the authority of the defendants to act in behalf of the overseers of the poor of the town of Madison, contested. The principal question at issue between the parties, seems to be, whether the plaintiff was, on the 11th day of January, 1850, a pauper, and as such, liable to be removed with his family, from Bangor, his place of residence, to Madison, his place of legal settlement. It is incumbent on the defendants to show that such was his condition.

The evidence shows that the plaintiff protested against the right of the defendants to remove him, and alleged that he was both able and willing to provide for the support of himself and family. It also appears from the evidence that his family, on the day of their removal, was not in a state of destitution.

On the part of the defence, it appeared that the city of

Bangor had sent notice, on four different occasions, during the year preceding the alleged trespass, to the overseers of the town of Madison, informing them that the plaintiff and his family had fallen into distress, and were being relieved by the city, as paupers.

It also appears that the authorities of Bangor continued to furnish such supplies until the day before the defendants arrived in that city, for the purpose of removing the plaintiff and his family.

The reason given by the plaintiff for desiring assistance, was the sickness of his wife. Though it does not appear affirmatively at what time his wife died, the legitimate inference from other facts in the case is, that her death occurred as early as the twenty-fourth of December, 1849. Supplies were furnished to the plaintiff until January 9, 1850. The evidence does not disclose any change in the condition of the plaintiff and his family between the 24th of Dec. 1849, and the time of his removal, or that he was in any better situation to provide for his necessities on the 11th of January, than he had been for several days or weeks preceding that time.

When a man has been supplied, at his own solicitation, as a pauper, for many consecutive months, and is at the moment feeding his family with, and himself eating the bread of legal charity, just furnished, it would seem to require some evidence more than his naked assertion, to satisfy an unbiased mind that he was not still a pauper, and especially so when that same man permits members of his family to be supported at the public charge from that day forward.

Though overseers of the poor, by law, have the care and oversight of all such poor and indigent persons as are chargeable to their respective towns, and are holden to furnish them support when they shall stand in need of assistance, they cannot decide, conclusively, whether a given person is, or is not a pauper. They are, however, required to act according to their best discretion, and should furnish assistance when in their judgment the exigencies of the case re-

quire it. But the question, whether they have erred, can only be settled, conclusively, in this Court.

The law in this case was very fully, and, we think, fairly stated by the presiding Judge. If he erred in any particular, the defendants had no right to complain of the error. A single proposition in the charge, standing alone, might be open to objection, but taken in connection with other parts of the charge, and as it must have been understood by the jury, was not exceptionable.

It is the province of the jury to consider and weigh conflicting testimony, and where there is evidence on both sides, courts will not feel authorized to disturb the verdict of a jury, unless the result is so manifestly erroneous as to make it apparent that it was produced by prejudice, bias, or by some mistake of law or fact in the case. *West Gardiner* v. *Farmingdale*, 36 Maine, 252.

In this case, we think the evidence as reported, preponderated so strongly in favor of the defence upon the point upon which the case must have turned, as to force the mind to the conclusion, that the judgment of the jury must have been controlled by some improper bias. For this cause the motion is sustained. *Verdict set aside and a new trial granted.*

*Knowles,* for plaintiff.

*J. S. Abbott,* for defendants.