STATE *vs.* WILLIAM W. LEAVITT.

Androscoggin, 1876.—May 31, 1877.

*Indictment.*

An indictment for larceny, presenting that W L, of [&c.,] on [&c.,] in the year [&c.,] at [&c.,] two oxen of the value [&c.,] of the goods and chattels of one C J, then and there being found, feloniously did steal, take and carry away, against the peace of said state, and contrary, [&c.,] *held* sufficient, on demurrer thereto.

ON EXCEPTIONS.

INDICTMENT of the form following, (omitting formal commencement and conclusion.)

The jurors for said state upon their oath present that William W. Leavitt, of Auburn, in the county of Androscoggin, and state of Maine, laborer, on the thirty-first day of October, in the year of our Lord, one thousand eight hundred and seventy-four, at Auburn aforesaid, in the county of Androscoggin aforesaid, two oxen of the value of one hundred and eighty dollars, one horse of the value of one hundred dollars, one certain riding wagon of the value of ninety dollars, and one harness of the value of twenty dollars, of the goods and chattels of one Charles P. Jordan, jr.,

then and there being found, feloniously did steal, take and carry away, against the peace of said state, and contrary to the form of the statute in such case made and provided.

The defendant, before his arraignment, filed a special demurrer to the indictment, for causes following :

I. That there is no possession of the goods and chattels named in said indictment, set forth therein, or that they were at the time of the alleged taking, in the possession of any one.

II. That there is no trespass in the taking and carrying away set forth or alleged in said indictment.

III. That it is not alleged in and by said indictment that the possession of the articles of property therein alleged to be taken and carried away, were ever in the possession of any one, and had not been abandoned or lost by the owner ; and that said indictment is in other respects informal and insufficient.

The presiding justice, after joinder, overruled the demurrer and adjudged the indictment good; and the defendant alleged exceptions.

*M. T. Ludden*, for the defendant.

*L. A. Emery*, attorney general, for the state, submitted without argument.

APPLETON, C. J. The indictment alleges that the defendant "feloniously did steal, take and carry away, against the peace of the state, and contrary to the form of the statute in such case made and provided," certain described property "of the goods and chattels of one Charles P. Jordan, jr.," &c., and the defendant by his demurrer admits he did so. This is precisely what is forbidden by R. S., c. 120, § 1, the language of which is followed in the indictment. I think the indictment good. I should regret the giving a sanction to what the defendant has done, by declaring it no offense. Wharton's Precedents, 417. 2 Archbold's Crim. Pr. & Pl. 343. The indictment is alike good at common law and by statute. *Exceptions overruled.*

VIRGIN, J. The original taking must in any event be wrongful; and the wrongful possession either when taken, or at some

time during its continuance, must be accompanied by felonious intent. The allegations in the indictment deny the possession of the defendant to be rightful. If the evidence does not so show, he will be entitled to acquittal. I concur therefore.

WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.