BENNETT *v.* STATE.

Opinion delivered December 24, 1904.

INDICTMENT—CLERICAL MISPRISION.—An indictment for larceny is not
bad which charges that defendant "did unlawfully and feloniously
take, steal and carry away one hog of the value of five dollars, the
goods and chattels M.," omitting the word *of* after the word *chattels,*
as the omission is an obvious misprision, which does not destroy the
meaning.

Appeal from Lafayette Circuit Court.

CHARLES W. SMITH, Judge.

Affirmed.

*George W. Murphy, Attorney General,* for appellee.

WOOD, J. The appellant was indicted and convicted of the
crime of stealing a certain hog. The indictment charged that
appellant "did unlawfully and feloniously take, steal and carry
away one hog of the value of $5, the goods and chattels Mose
McGee," etc. A demurrer was interposed and overruled. The
indictment shows that between the word "chattels" and the words
"Mose McGee," there is a small blank space. The word "of" is
omitted. But it is clear from the context what is meant, and the
omission to write the word "of" or "property of" is a mere mis-
prision. But the omission does not destroy the sense or meaning
of the indictment. It is impossible to read the indictment without
mentally supplying the omitted word, designating ownership in
McGee. The demurrer was properly overruled.

It was not error to permit Mose McGee to testify as to his
ownership of the hog. There was evidence legally sufficient to
sustain the verdict, and no specific objection is made to the court's
charge, which we find to be correct.

Affirm.