## STATE v. PERRY.

### Opinion delivered March 14, 1910.

LARCENY—INDICTMENT.—An indictment for larceny which alleges that defendant the property of another "unlawfully and feloniously did steal, take and carry away," etc., is sufficient, although it does not allege that defendant took the property with intent to convert it to his own use.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The indictment is good. It was unnecessary to allege that the taking was with the intent to convert to the defendant's own use, etc. 97 Cal. 194; 144 Mass. 568; 33 La. Ann. 979; 41

*Id.* 784. The indictment put the defendant on notice, and charged the offense with such certainty as to enable the court to pronounce judgment. Kirby's Dig., § § 2228, 2241, 2242, 2243; 84 Ark. 477; 63 Ark. 613; 5 Ark. 444; 19 Ark. 613.

2. The word "steal" includes all the elements of larceny at common law. 40 Neb. 545; 55 N. J. L. 17; 56 Pac. 708; 96 N. W. 1025; 1 Den. Cr. Cas. 376; 70 Pac. 280; 152 Mo. 124; 91 N. W. 605. The word "feloniously" implies the intent to convert to his own use.

*Edwin Hiner* and *C. T. Wetherby,* for appellee.

Hart, J. The sufficiency of the indictment is the only question presented by the record. Omitting the formal parts, it reads as follows:

"The grand jury of Sebastian County, for the Fort Smith District thereof, in the name and by the authority of the State of Arkansas, accuse the defendants, Steve Perry and Frank Coley, of the crime of grand larceny, committed as follows, to-wit: The said defendants in the county and district aforesaid, on the thirtieth day of November, 1909, one horse of the value of fifty dollars, the property of one Josephine Coley then and there being, unlawfully and feloniously did steal, take and carry away, against the peace and dignity of the State of Arkansas."

It is claimed by counsel for appellee that the indictment returned by the grand jury contains the word "and" where "of" is used in the clause, "the property of one Josephine Coley;" but the record shows the indictment to be as copied above; and we are not asked to correct the record. The matter is immaterial, however, for the context shows that the word "of" is meant, and if the word "and" was used instead, it would be a clerical mistake, and would not vitiate the indictment. *Bennett* v. *State,* 73 Ark. 386.

The indictment is not defective because it does not allege that the defendant took the property with the intent to convert it to his own use. In the case of *State* v. *Boyce,* 65 Ark. 82, where the indictment in this respect was similar to the one in question, the court, after quoting our statute that "larceny is the felonious stealing, taking and carrying, riding or driving away, the personal property of another," said: "The word 'steal' has a uniform signification, and in common as well as

legal parlance means 'the felonious taking and carrying away of the personal goods of another.'"

Therefore the court erred in sustaining a demurrer to the indictment. The judgment will be reversed, with directions to overrule the demurrer, and to proceed with the case.