## SCHAAL v. STATE.

Opinion delivered December 5, 1921.

1. ABUSIVE LANGUAGE—INDICTMENT—CLERICAL MISPRISION.—In an indictment under Crawford & Moses' Dig., § 2774, which charges that defendant used abusive and insu'ting language toward and about the prosecuting witness "and in the presence and hearing," the context shows that the use of the word "the" instead of "his" was a clerical misprision.

2. ABUSIVE LANGUAGE—SUFFICIENCY OF INDICTMENT.—An indictment for using abusive and insulting language toward another and in his presence and hearing substantially follows the language of the statute and is sufficient.

3. ABUSIVE LANGUAGE—DEFENSE.—Though the prosecuting witness was a trespasser on defendant's premises, this fact would not justify defendant in using profane and opprobri(us language toward and about him.

Appeal from Howard Circuit Court; *A. P. Steel,* Special Judge; affirmed.

*James S. McConnell,* for appellant.

The indictment is bad and the demurrer should have been sustained. Either the letter or substance of the statute must be followed, and nothing is left to implication, intendment, or conclusion. 22 Cyc. 336; 12 Ark. 608; 47 Ark. 488; 31 Minn. 207; 17 N. W. 344. The words of the indictment "and in the presence and hearing" might refer to Hodge, or Mrs. Schaal, who were present also, and wholly fail to allege that the language complained of was used in the presence of Walden.

The indictment not having charged an offense under the statute, appellant's motion to arrest the judgment

should have been sustained. Defendant was entitled to have given an instruction on the legality of the service of the papers by Hodge and the prosecuting witness.

The evidence of the justice shows that the writ was issued March 21, 1921, and served the next day. The indictment charges the offense was committed on March 3rd. If this be true, the verdict was contrary to both the law and the evidence.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* for appellee.

The indictment is drawn in accordance with the statute. There is a clerical error, however, in the use of the word "the" for "his" in the following part of the indictment: "And in *the* (his) presence and hearing" but any person of common understanding would understand that the indictment alleges that the words were spoken to and in the presence of the prosecuting witness. Bad or awkward writing will not vitiate an otherwise good indictment. Stan. Enc. of Proc. Vol. 12, pp. 311-317; 94 Ark. 215; 58 Ark. 47; 94 Ark. 327.

The defect was not one which would tend to the prejudice of the rights of defendant in the trial and judgment. C. & M. Dig., § 3014.

Appellant's instruction No. 2 is inapplicable to the question at issue and was properly refused. It is not error to refuse to give an inapplicable instruction. 93 Ark. 20; 99 Ark. 648; 90 Ark. 570; 29 Ark. 17.

Provocation will not justify the use of opprobrious words. 8 R. C. L. Sec. 307, p. 286.

WOOD, J. This is an appeal from a judgment of conviction for the crime of a breach of the peace. The indictment, omitting the formal opening and conclusion, as as follows: "The grand jury of Howard County, in the name and by the authority of the State of Arkansas, accuse G. W. Schaal of the crime of breach of peace committed as follows, to-wit: The said G. W. Schaal in the county and State aforesaid, on the 3rd day of

March, 1921, did unlawfully make use of violent, abusive, and insulting language toward and about one E. K. Walden and in the presence and hearing, said language in its common acceptation being calculated to arouse to anger the said E. K. Walden and cause a breach of the peace, against the peace and dignity of the State of Arkansas.''

The court overruled a demurrer to the indictment and also a motion in arrest of judgment. Section 2774 of Crawford & Moses' Digest reads in part as follows: ''If any person shall make use of any profane, violent, vulgar, abusive, or insulting language toward or about any other person in his presence and hearing, which language in its common acceptation is calculated to arouse to anger the person about or to whom it is spoken or addressed, or to cause a breach of the peace or an assault, shall be deemed guilty of a breach of the peace, and upon conviction thereof shall be punished by a fine, etc.''

The indictment charges that the insulting language was ''toward and about E. K. Walden and in the presence and hearing.'' The use of the word ''the'' before the word ''presence,'' taken in connection with the other words in the sentence just quoted, could not have meant anything else than that the insulting language was used in the presence and hearing of E. K. Walden. The context shows that the word ''the'' was intended for the word ''his,'' and the use of the word ''the'' instead was a mere clerical misprision. The indictment charges a public offense under the above statute. The indictment follows substantially the language of the statute and is sufficient. There was no error therefore in overruling appellant's demurrer and motion to arrest. *Blais* v. *State,* 94 Ark. 327; *State* v. *Perry,* 94 Ark. 215; *Evans* v. *State,* 58 Ark. 47.

There was testimony on the part of the State tending to show that one Hodge was appointed to act as constable in a replevin suit to take possession of a machine which at the time was at the home of the appel-

lant. Hodge was accompanied to appellant's home by E. K. Walden. When they arrived at appellant's house, Hodge showed appellant the writ in his hands. The appellant objected to the service of the writ on the ground that it did not show that Hodge had been legally appointed constable to serve the same, Hodge not being the duly elected constable. When this controversy arose, Hodge referred appellant to Walden, who was an attorney for the plaintiff in the civil action. Walden stated he thought the papers were regular. Thereupon appellant said to Walden, "What in the hell have you got to do with it?" Walden replied, "I haven't got a thing—only I am attorney in the case." Appellant then said, "By G—, you will leave here; I am a good mind to take a billet of wood to you." Walden remonstrated with him, and appellant further said, "By —, you will leave here. If you don't, I will go in the house and get my pistol." This all occurred at appellant's home outside the gate.

After defining the offense in the language of the statute, the court instructed the jury that the burden was on the State to prove the guilt of the defendant beyond a reasonable doubt, and further said, "The defendant in this case claims the prosecuting witness, Walden, accompanied Mr. Hodge there for the purpose of serving the papers, and did not have legal authority for that purpose, and that E. K. Walden, after he reached the place to serve the papers, was the aggressor and caused the disturbance. If you find this to be the case, you may take that fact in mitigation of the punishment of the defendant, if you find the defendant guilty." The appellant duly excepted to that portion of the instruction which said, "you may find in mitigation only," and asked the court to instruct the jury in effect that, if Hodge was not duly appointed special agent to serve the writ, then he was a trespasser, and the defendant would be justified in forcing them to leave the premises. The court refused appellant's prayer, to which ruling the appellant duly excepted.

The court did not err in its ruling. The fact that Hodge was not legally appointed special agent to serve the writ could furnish no justification to appellant in using profane, abusive and insulting language toward and about Walden. 8 R. C. L. § 307, p. 286. Even though Walden and Hodge were proceeding illegally, and in that sense were trespassers, nevertheless such fact would not justify the appellant in using profane and opprobrious language toward and about Walden. The court correctly instructed the jury that they might consider the fact that Hodge and Walden were proceeding illegally in mitigation, if they found the appellant guilty as charged.

There is no error, and the judgment is therefore affirmed.