STATE OF MAINE *vs.* ALTON A. GROSS AND BLANCHE GROSS.

AND

STATE OF MAINE *vs.* HAROLD I. GROSS AND BLANCHE GROSS.

Lincoln.     Opinion April 3, 1931.

*Weston M. Hilton,* County Attorney, for the State.
*George A. Cowan,* for respondents.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

PATTANGALL, C. J.   Exceptions and motions.   Indictments
charging incest.   Cases were tried together without objection.   Ver-

dicts of guilty were rendered against Alton A. Gross and Harold I. Gross; not guilty as to Blanche Gross.

The apparent inconsistency in the findings of the jury is accounted for by the fact that the evidence against the male respondents included confessions made by each of them and that aside from these confessions, the case did not warrant a conviction.

The exceptions relied upon are identical in both cases and are set out as follows:

"Respondent objected to a certain exhibit numbered 'State 3' offered as a confession. The Court overruled the objection and admitted the exhibit without specifying as to which respondent it applied, no request therefor being made by counsel for respondent. And the respondent excepted.

"The respondent objected to a certain exhibit marked 'State 4' offered by the State. The Court overruled the objection and admitted the exhibit without specifying as to which respondent the exhibit applied, no request being made therefor by respondent's counsel. And the respondent excepted."

Even if it could be said that the matters complained of are sufficiently set forth in the above-quoted paragraphs so that this Court could intelligently act upon them, and if it be assumed that respondents are entitled to have the questions considered, though not raised at the time the exhibits were admitted, respondents have no cause for complaint because the presiding Justice in his charge to the jury carefully protected their rights in this respect.

The jury was instructed that "the confession of one has no effect upon the other. For instance the confession of Harold Gross has no tendency to prove the guilt of Alton Gross and it can not be used for that purpose nor can the confession of either or both of these respondents be considered as evidence against Blanche Gross." And this instruction thus given was later in the charge repeated and emphasized.

Motions for new trial, addressed to this Court on behalf of both respondents, accompany the exceptions.

We have no authority to pass on these motions. They should have been addressed to the Justice who presided at the trial below. Had this been done and had he refused to grant them, appeal would

lie. On such appeals, a single issue is raised, viz, whether in view of all the testimony the jury was warranted in believing beyond a reasonable doubt that respondents were guilty. *State* v. *Pietrantonio*, 119 Me., 18.

The procedure is governed by the provisions of Sec. 27, Chap. 146, R. S. 1930. *State* v. *Perry*, 115 Me., 203 ; *State* v. *Steeves*, 115 Me., 220 ; *State* v. *Googins*, 115 Me., 373.

*Exceptions overruled.*
*Motions dismissed*
*Judgment for the State.*