STATE OF MAINE

*vs.*

ROOSEVELT MORIN

Aroostook.    Opinion, November 3, 1953.

*Melvin E. Anderson, County Attorney,* for State.

*W. P. Hamilton,* for Respondent.

SITTING: MERRILL, C. J., THAXTER, FELLOWS, WILLIAMSON, TIRRELL, WEBBER, JJ.

MERRILL, C. J.   On appeal.   The respondent, Roosevelt Morin, was indicted for the rape of Brenda Zetterman, a female child under the age of 14 years, to wit, of the age of 13 years. The indictment was returned at the April *1953* Term of the Superior Court for the County of Aroostook. Capias was issued, and on the fifth day of the term the respondent was arraigned, pleaded not guilty, and was admitted to bail for his appearance from day to day. He was tried on the seventeenth day of the term. Verdict of guilty was rendered. Written motion for a new trial, alleging that the verdict was (1) against the law, (2) against the evidence, and (3) against the weight of the evidence was filed and denied.   The respondent seasonably appealed to this

court. After appeal he was sentenced. The case is now before us on said appeal.

Brenda Zetterman's 14th birthday was *November 27, 1952*. She gave birth to a child on *February 8, 1953*. Between the time of his arraignment on the indictment and the date of the trial twelve days later, the respondent married Brenda Zetterman at Andover, in the Province of New Brunswick. Brenda testified that the respondent first spoke to her about marriage a week before the trial. This would be after the indictment and arrest. When the State called Brenda to the witness stand, the respondent's counsel, even before any question was asked, objected to her testifying on the ground that she was the wife of the respondent. This objection was overruled and Brenda was allowed to testify. She testified that she and the respondent, Roosevelt Morin, had sexual intercourse at Thomas Park in New Sweden in April, 1952. If the respondent had sexual intercourse with Brenda while she was under 14 years of age, with or without her consent, he would be guilty of rape. See R. S. (1944), Chap. 117, Sec. 10.

On appeals from the denial of a motion for a new trial in felony cases, subject to an exception hereinafter discussed, the single question before this court "is whether in view of all the testimony, the jury were warranted in believing beyond a reasonable doubt and therefore in declaring by their verdict," that the respondent was guilty as charged. *State v. Priest*, 117 Me. 223, 227, 103 Atl. 359; *State v. Gross*, 130 Me. 161, 163, 154 Atl. 187; *State v. Brewer*, 135 Me. 208, 193 Atl. 834; *State of Maine v. Smith & Poirier*, 140 Me. 44, 47.

The testimony of Brenda that the respondent had intercourse with her prior to her 14th birthday stands uncontradicted and unchallenged on the record. Counsel for the respondent did not even seek by cross-examination to cast doubt thereon. Cross-examination was waived. Although

corroboration of her testimony was not necessary, *State* v. *Newcomb*, 146 Me. 173, 2 Wharton Cr. Ev. Sec. 916, the conduct of the respondent in marrying Brenda after his indictment and prior to his trial, and his futile attempt to thereby close her mouth as a witness, is significant. The jury were clearly justified in finding that the State had established the guilt of the respondent beyond a reasonable doubt.

The respondent noted numerous exceptions during the course of the trial. The noted exceptions were not preserved by any written bill of exceptions. No bill of exceptions having been presented to and allowed by the justice presiding at the trial, there are no exceptions before this court for decision. R. S. (1944), Chap. 94, Sec. 14. We have recently and exhaustively reviewed the authorities and practice with respect to bills of exceptions in *Bradford* v. *Davis et al.*, 143 Me. 124, and in *State of Maine* v. *Johnson*, 145 Me. 30. To again review them here would serve no useful purpose.

The respondent, however, seeks to review on this appeal rulings of law made by the presiding justice. He asserts his right to such review on the ground that his motion contains an allegation that the verdict is *against the law*.

There is, as heretofore noted, an exception to the general rule that the only question before the court on an appeal from the denial of a motion for a new trial is whether in view of all the testimony the jury were warranted in believing beyond a reasonable doubt and therefore in declaring by their verdict that the respondent was guilty as charged. This exception is set forth in *State* v. *Wright*, 128 Me. 404, at 406, where we said:—

"In our practice, in civil cases, errors of law are not as a general rule open to review on a motion for a new trial directed to this court. The same general rule applies to statutory appeals in criminal cases. The appropriate practice is to present such errors to this court in a Bill of Exceptions, and a departure from this practice is not to be encouraged.

> In civil cases, however, an exception to this general rule has been recognized, and *where, and only where, manifest error in law has occurred in the trial of cases and injustice would otherwise inevitably result,* the law of the case may be examined upon a motion for a new trial on the ground that the verdict is against the law, and the verdict, if clearly wrong, set aside. *Pierce* v. *Rodliff,* 95 Me., 346, 348; *Simonds* v. *Maine T.&T. Co.,* 104 Me., 440, 443. (Emphasis ours.)

> The same exception must be recognized in the review of criminal appeals. In this state the principles applicable to the review of civil trials on a general motion govern appeals in criminal cases. *State* v. *Dodge,* 124 Me., 243, 245; *State* v. *Stain et al,* 82 Me., 472, 489. And so in its review of criminal appeals, where the single question considered under the appeal was whether the verdict was against the evidence, this court has repeatedly ruled that the only question there to be determined was whether, in view of all the testimony in the case, the jury were warranted in believing beyond a reasonable doubt, and therefore in finding, that the respondent was guilty of the crime charged against him, *State* v. *Lambert,* 97 Me., 51; *State* v. *Mulkerrin,* 112 Me., 544; *State* v. *Howard,* 117 Me., 69; *State* v. *Pond, supra; State* v. *Dodge, supra."*

This rule stated in *State* v. *Wright,* after we again examined and reviewed the authorities in both civil and criminal cases was applied in *Cox* v. *Life Insurance Co.,* 139 Me. 167, 172 and 173, and again in *State* v. *Hudon,* 142 Me. 337. We also recognized the exception and set aside a verdict on an appeal from denial of a motion for a new trial as against the law because of a manifest error in the charge in the very recent case of *State of Maine* v. *Peterson,* 145 Me. 279, 288.

The respondent seeks an application of the above exception to the general rule under the following circumstances.

The indictment alleged that the offense took place on the eighteenth day of June, 1952. During the trial the respond-

ent sought to confine proof of the offense to that date. The court properly ruled that the State was not confined to the date alleged in the indictment but that if the offense was committed at any time within six years prior to the finding of the indictment, the respondent could be found guilty thereon.

In the course of his charge, while discussing the variance between the date of the commission of the offense as alleged in the indictment and as shown by the evidence, the presiding justice said:— "The law requires that a date be alleged in the complaint or indictment, but the proof of any date within the statute of limitations satisfies the requirements of criminal pleadings in this type of case. The words 'statute of limitations' may need further definition, but, briefly, as far as this case goes, proof of the act complained of upon any date within six years prior to the date of the indictment satisfies criminal pleading."

Counsel for the respondent says that under this statement of the law, the jury could have convicted the respondent if they had found that he had had intercourse with Brenda after her fourteenth birthday in November and before the return of the indictment the following April.

"the correctness of a charge is not to be determined from mere isolated statements extracted from it, without reference to their connection with what precedes, as well as that which follows,". *State* v. *Day*, 79 Me. 120, 125.

The statement complained of must be considered in connection with the previous statement in the charge when the presiding justice said, "your only question is whether you are satisfied beyond a reasonable doubt, as I have defined it, whether this respondent had sexual intercourse with Brenda Zetterman when she was under 14 years of age."

As stated in *Hunnewell* v. *Hobart*, 40 Me. 28, 31:— "The law in this case was very fully, and, we think, fairly stated

by the presiding judge. If he erred in any particular, the defendants had no right to complain of the error. A single proposition in the charge, standing alone, might be open to objection, but taken in connection with other parts of the charge, and as it must have been understood by the jury, was not exceptionable."

Viewed in the light of these cases, even had this statement been before us on a bill of exceptions it would not have been prejudicial. The charge taken as a whole clearly required, and the jury must have understood, that before the respondent could be convicted proof of intercourse with Brenda *before she arrived at the age of 14 years* must be proved beyond a reasonable doubt.

As said in *Oxnard* v. *Swanton*, 39 Me. 125, 128, with respect to instructions to the jury:— "If a single phrase in them considered alone and without regard to those combined with it might lead them into error, other instructions on the same point appear to have been so full and clear, as to remove any doubt which might have been occasioned by the use of that phrase."

This case does not present a situation requiring us to set aside a verdict *as against the law*. No manifest error of law occurred in the trial of the case. The respondent was rightfully convicted of the crime with which he was charged by proof of his guilt beyond a reasonable doubt. Injustice would inevitably result, not by sustaining the conviction, but by setting it aside. Entry will be,

*Appeal dismissed.*

*Motion for new trial denied.*

*Judgment for the State.*