STATE OF MAINE
*vs.*
ALBERT LEO CROTEAU

Androscoggin.   Opinion, October 15, 1957.

*Gaston M. Dumais, Co. Atty.,*
*William D. Hathaway, Co. Atty.,* for the State.

*Robert F. Powers,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J.   On exception.   The respondent, in a complaint issued against him by the Lewiston Municipal Court, was charged with operating a motor vehicle while under the influence of drugs. This is made a criminal offense by Chap. 22, Sec. 150, R. S. The respondent demurred to this complaint in the Superior Court. The demurrer was overruled and exception taken.

The respondent's position, as stated in his brief, is ". . . . that the term *Drugs* is vague and should be modified as set forth in the aforesaid statute by the word *Intoxicating* or specified with other appropriate description."

In *State* v. *Munsey*, 114 Me. 408, our court said, ". . . that the indictment or complaint is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified."

This is a statement of the law universally recognized by the courts.

This court takes judicial notice of the well recognized fact that overindulgence or consumption of drugs of any kind causes the user to be under the influence of drugs and if he operates a motor vehicle while in that condition, is guilty of a violation of Sec. 150, Chap. 22, R. S. This statute does not specify or mention the use of *intoxicating* drugs.

Generally "intoxication" refers to the excessive use of alcoholic liquors. The addition of the word "intoxicating" or some "other appropriate description" would not add to, or better describe, the statutory violation.

The allegation is in accordance with the offense set forth in the statute; gives the respondent ample information, and meets all the requirements of good pleading.

*Exception overruled.*
*Judgment for the State.*