ROBERT G. ANDERSON,
PETITIONER FOR WRIT OF ERROR
*vs.*
STATE OF MAINE

Knox.    Opinion, May 9, 1962.

*Leonard M. Nelson,* for petitioner.

*Richard A. Foley, Asst. Atty. Gen.,* for State.

SITTING: WILLIAMSON, C. J., WEBBER, TAPLEY, SULLIVAN, DUBORD, SIDDALL.

TAPLEY, J.    On exceptions.    Petitioner for writ of error excepts to an adverse ruling made by the justice below. The writ of error attacks the sufficiency of an information to which the petitioner pleaded guilty and thereupon was sentenced to the State Prison.    The justice below ruled that the information was sufficient in law.    The information reads as follows:

"On the thirteenth day of September in the year of our Lord one thousand nine hundred and sixty, with force and arms at Lincolnville, in the County of Waldo aforesaid, one automatic electric pay telephone model 8610 of the value of one hundred seventy-five dollars, and one automatic electric pay telephone model 8610 of the value of one hundred seventy-five dollars all of the aggregate value of three hundred fifty dollars, all of the property of Center Lincolnville Telephone Company, a public utility duly existing under the laws of the State of Maine with a place of business in Lincolnville, Maine, feloniously did steal, take and carry away."

The petitioner complains that the information does not describe the property alleged to have been stolen with sufficient particularity to inform him of what he is charged with stealing and, further, that the description is so inadequate that there is no protection afforded him should he again be put in jeopardy for the same offense.

The information charges him with the larceny of "one automatic pay telephone model 8610 of the value of one hundred seventy-five dollars, and one automatic electric pay telephone model 8610 of the value of one hundred seventy-five dollars all of the aggregate value of three hundred fifty dollars."

The waiver of indictment statute (R. S., 1954, Chap. 147, Sec. 33, as amended) provides in part that the information, "- - - shall be a plain, concise and definite written statement of the essential facts constituting the offense intended to be charged in the complaint."

The general principles of criminal pleading governing the requirements for a proper description of personal property alleged to have been stolen is stated in 52 C. J. S. — Larceny — Sec. 77 (1) :

" - - - More specifically, the property must be described with sufficient particularity to enable the

court to determine that such property is the subject of larceny, to enable the court and jury to decide whether the property proved to have been stolen is the same as that involved in the indictment or information, to advise accused with reasonable certainty of the accusation he will be called on to meet at the trial, and to enable him to plead the judgment rendered in bar of a subsequent prosecution for the same offense."

See also 32 Am. Jur. — Larceny — Sec. 106.

Property which is the subject of larceny is sufficiently described in an indictment or information if it enables the court and the jury to determine whether the evidence offered, on which the indictment was founded, relates to the same property thus preventing one from being tried for an offense other than that for which he was indicted. The description should also be adequate enough in order that the respondent would be able to plead the judgment in bar of another prosecution for the same offense. *State* v. *Dawes*, 75 Me. 51; *State* v. *Thomas*, 126 Me. 163.

In *State* v. *Leavitt*, 66 Me. 440, the indictment alleged larceny of "two oxen of the value of one hundred eighty dollars." The case was presented to the Law Court on exceptions to the overruling of a special demurrer. Although sufficiency of description of the oxen was not specifically an issue, the demurrer did allege that "- - - the said indictment is in other respects informal and insufficient." The court found the indictment to be good.

The information in the instant case informed the petitioner that he was charged with the larceny of two automatic pay telephones, each bearing the model number 8610; that these telephones were each of the value of one hundred seventy-five dollars; that they were the property of Center Lincolnville Telephone Company and that they were stolen by him at Lincolnville, in the County of Waldo in the State

of Maine, on the thirteenth day of September, 1960. The petitioner says in effect that from the language used in the information he was unable to prepare his defense, was not sufficiently informed as to what he was charged with having stolen; that in the event of conviction he could not plead former jeopardy as the subject of the larceny was not described with certainty. A respondent in a criminal action has a constitutional right to be informed of the charges against him with that detail and particularity in pleading that apprises him of the offense with which he is charged. The State is not, however, in describing the subject of the larceny, held to a detail of such minute description that it falls within the category of an absurdity. When property is described in an indictment or information charging the offense of larceny, with that degree of sufficiency that its character, its nature and its kind, can be recognized by persons of common understanding, then it is adequate to acquaint a respondent with what he is charged with stealing.

The complaint in this case meets the requirements of good criminal pleading. The justice below was not in error in his ruling.

Counsel for the petitioner argued that the waiver of indictment statute (Chap. 147, Sec. 33, R. S., 1954, as amended) is unconstitutional. The fact that this court, in the case of *Ralph Tuttle, Plaintiff in Error* v. *State of Maine*, argued at the same term as the instant case, decided that Chap. 147, Sec. 33, R. S., 1954, as amended, is constitutional, makes it unnecessary for us to consider petitioner's argument of unconstitutionality of the statute.

*Exceptions overruled.*