**Jim MARTIN**

v.

**STATE of Maine et al.**

Supreme Judicial Court of Maine.

Feb. 12, 1969.

John J. Harvey, Biddeford, for plaintiff.

Warren E. Winslow, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and TAPLEY, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

TAPLEY, Justice.

On appeal. This is an appeal from the findings of a single Justice on the petition for issuance of a writ of habeas corpus (14 M.R.S.A., Sec. 5502 et seq.). The issue is whether the information sufficiently charges the crime of breaking, entering and larceny in the nighttime without alleging that the appellant took the property with an intent to deprive the owner of it permanently.

The information was drafted under provisions of 17 M.R.S.A. Sec. 2103. This section reads:

"Whoever, without breaking, commits larceny in the nighttime in a dwelling house or building adjoining and occupied therewith, or breaks and enters any office, bank, shop, store, warehouse, barn, stable, vessel, railroad car of any kind, courthouse, jail, meetinghouse, college, academy or other building for public use or in which valuable things are kept, and commits larceny therein, shall be punished by imprisonment for not more than 15 years; and when the offense is committed in the daytime, by a fine of not more than $1,000 or by imprisonment for not more than 6 years."

The pertinent portion of the information is couched in the following language:

"THAT James Martin alias Jim Martin, of Portsmouth, New Hampshire in the County of Rockingham and State of New Hampshire, laborer on the seventh (7th) day of September, 1965 at Kittery in the County of York and State of Maine in the nighttime of said day the restaurant of Valle's Steak House, a corporation duly organized and existing under the laws of the State of Maine, a building in which valuable things were then and there kept, then and there situate, feloniously did break and enter and sundry silver, nickel and copper coins, bank bills, U. S. Treasury Notes and certificates, Federal Reserve Notes, of the aggregate value of ($2,647.00)

Dollars, current as money in the United States of America a more particular description of which is to your Assistant County Attorney unknown, of the property of said Valle's Steak House, in said restaurant then and there being, then and there in and from said restaurant feloniously did steal, take and carry away, against the peace of said State and contrary to the form of the statute in such case made and provided."

Counsel for the appellant contends that the complaint should contain the allegation that the appellant took the property with the intent to deprive the owner of it permanently.

The basic test for use in determining the legal sufficiency of an information or an indictment has often been quoted:

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise." State of Maine v. Charette, 159 Me. 124, at 127, 188 A.2d 898, at 900.

There is no subtle or hidden meaning to the word "larceny." Its meaning is clear and understandable by any person with reasonable intelligence.

The pertinent portion of the larceny statute, being 17 M.R.S.A. Sec. 2101, reads:

"Whoever steals, takes and carries away, of the property of another, * * is guilty of larceny; * * *."

The information charges, in part, that the appellant "feloniously did break and enter and sundry silver, nickel and copper coins, bank bills, U. S. Treasury Notes and certificates, Federal Reserve Notes,

of the aggregate value of ($2,647.00) Dollars, * * * in said restaurant then and there being, then and there in and from said restaurant feloniously did steal, take and carry away, against the peace of said State and contrary to the form of the statute in such case made and provided." (Emphasis supplied).

"The indictment alleges that the defendant 'feloniously did steal, take and carry away, against the peace of the state, and contrary to the form of the statute in such case made and provided,' certain described property 'of the goods and chattels of one Charles P. Jordan, Jr.,' &c., and the defendant by his demurrer admits he did so. This is precisely what is forbidden by R.S., c. 120, Sec. 1, the language of which is followed in the indictment. * * * The indictment is alike good at common law and by statute." State v. Leavitt, 66 Me. 440, at 441.

"'the word "steal" has a uniform signification, and in common as well as legal parlance means "the felonious taking and carrying away of the personal goods of another."'" State v. Perry, 94 Ark. 215, 126 S.W. 717.

Breaking, entering and larceny is a statutory crime consisting of three essential elements, the breaking, the entering and the larceny. These three elements must be proved beyond a reasonable doubt for conviction. No complaint has been made that there is no definition of "breaking" or "entering" in the information but counsel argues that because "larceny" is not defined the information is not valid.

"Intent to deprive the owner permanently" of the property found in the building goes to the matter of proving larceny rather than pleading larceny under the form and nature of the statutory charge herein involved.

The larceny statute (17 M.R.S.A. Sec. 2101) does not contain the provision that

to constitute larceny the property must be taken with intent to deprive the owner of it permanently. In fact, the statute is silent on the element of intent but does provide "Whoever steals, takes and carries away, of the property of another, * *."

In State v. Munsey, 114 Me. 408, at page 410, 96 A. 729, at page 730, this Court said:

"It has also been held that the indictment or complaint is sufficient if it follows the statute so closely that the offense charged and the statute under which the indictment is found may be clearly identified."

See also State v. Croteau, 153 Me. 126, 135 A.2d 282.

Intent to deprive is a jury question. State v. Greenlaw, et al., 159 Me. 141, 189 A.2d 370.

"It is not necessary that an indictment contain all the language of the statute on the subject, all that must be alleged is that which is requisite to charge the offense, or that which constitutes the essential ingredients of the offense as denounced by statute. Words may be omitted if they are necessarily implied from those contained in the charge.
* * * * * *

"It is not necessary, in charging a statutory offense, to allege criminal intent * * * when the statute does not make them essential ingredients of the offense denounced * * *." Wharton's Criminal Law and Procedure (Anderson), Vol. 4, Sec. 1794, Pages 618, 619.

It is to be noted that counsel for the appellant has called to the attention of this Court that Form 8 of the Rules of Criminal Procedure, which is a suggested form for a larceny indictment, contains the allegation that the defendant "with intent to permanently deprive" the owner of his property. Form 11 which charges breaking, entering and larceny also provides for the same allegation, "with intent to permanently deprive." Under Rule 58 of the Criminal Rules of Procedure, Commentary 58.1 has this to say:

"Contemporaneous with the promulgation of the rules, the Supreme Judicial Court promulgated an Appendix of Forms. Rule 58 declares these forms to be sufficient under the rules. As the introductory statement to the Appendix of Forms indicates, a complete manual of forms is not included; the primary purpose of the Appendix is to indicate the simplicity and brevity of statement which the rules contemplate. *It is not necessary that counsel use the precise form set out in the Appendix of Forms and many county attorneys may see fit in preparing indictments to rely upon the old forms which they have used for many years. These should certainly be sufficient under the rules so long as they appropriately identify the statute which the defendant is alleged to have violated.*" (Emphasis supplied).

We hold that the portion of Form 11, alleging that the defendant "did, with intent to permanently deprive" the owner of his property, is surplusage in a breaking, entering and larceny indictment or information, the controlling allegation being, "did steal, take and carry away."

The information was properly pleaded and the Justice below was not in error in so determining.

Appeal denied.

WEBBER, J., did not sit.