**STATE of Maine**

**v.**

**Terrance L. MIHILL.**

Supreme Judicial Court of Maine.

Jan. 31, 1973.

Donald Grey Lowry, Asst. County Atty., Portland, for plaintiff.

Carl R. Trynor, Portland, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, WERNICK and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal.

The appellant was indicted,[1] tried before a jury and convicted of a violation of 17 M.R.S.A. § 754.[2]

Appellant assigns five points on which his appeal rests, none of which have merit.

### Point One

Appellant argues that the State failed to prove beyond a reasonable doubt that the unlawful entry occurred "in the nighttime," as alleged in the indictment.

Whether an illegal entry in violation of Section 754 takes place "in the nighttime" is pertinent only when the structure entered is a "dwelling house," and even then it is significant only because it obviates the necessity of proving a "breaking." In the case before us, the object of the illegal entry was "a building in which valuable things are kept" and not a "dwelling house" (see State v. Smith, 268 A.2d 625 (Me.1970); therefore, that portion of the indictment charging "in the nighttime" is not an essential allegation. "[U]nder the general rule . . . whenever an allegation may be struck out of the indictment without injury to the charge, it may be treated as surplusage." State v. Vermette, 130 Me. 387, 388–389, 156 A. 807, 808 (1931). See Martin v. State, 249 A.2d 871 (Me.1969). Furthermore, the appellant has demonstrated no prejudice resulting from this superfluous allegation.[3] State v. McFarland, 232 A.2d 804 (Me. 1967).

### Point Two

Appellant argues that the indictment is insufficient in that it does not allege an "intent to permanently deprive" the owner of his property. This Court has recently held that an allegation of " 'intent to permanently deprive' the owner of his property, is surplusage in a breaking, en-

1. "The Grand Jury Charges:
   That on or about the 10th day of August, 1971, in the City of Portland, County of Cumberland and State of Maine, the above named defendant TERRANCE L. MIHILL, in the nighttime of said day, the Canavan Drug Co., Inc., located at 340 Allen Avenue, the land and building in which said business is located being owned by George Weeks and Steven Sawyer, both of said Portland, a building in which valuable things are kept, feloniously did break and enter, with intent the goods, chattels and property of said Canavan Drug Co., Inc. in said store then and there being then and there feloniously to steal, take and carry away."

2. "§ 754. Breaking and entering with intent to commit felony or larceny.
   Whoever, with intent to commit a felony or any larceny, breaks and enters in the daytime or enters without breaking in the nighttime any dwelling house, or breaks and enters any office, bank, shop, store, warehouse, vessel, railroad car of any kind, motor vehicle, aircraft, house trailer, or building in which valuable things are kept, any person being lawfully therein and put in fear, shall be punished by imprisonment for not more than 10 years; but if no person was lawfully therein and put in fear, by imprisonment for not more than 5 years or by a fine of not more than $500."

3. Factually, the record discloses evidence from which the jury could find beyond a reasonable doubt that the crime was committed in the vicinity of 11:30 p. m. on August 10, 1971. For the jury to conclude otherwise would be nothing but pure conjecture.

tering and larceny indictment [17 M.R.S.A. § 2103] . . . ." Martin v. State, 249 A.2d 871, 873 (Me.1969). A fortiori, such an allegation is unnecessary in an indictment for breaking and entering with intent to commit larceny. The indictment, by alleging "with intent . . . to steal, take and carry away" adequately charged larcenous intent, and is sufficient under the Maine Rules of Criminal Procedure.[4]

### Points Three, Four and Five

Appellant contends that the presiding Justice committed three errors in his instructions to the jury:

(1) The instruction regarding evidence of proof of the date of the actual criminal act was erroneous.

(2) The instructions failed to define properly the elements of larceny.

(3) The instruction relating the element of intent to the acts of breaking and entering was incomplete and confusing to the jury.

■ The record indicates that no objection to any of these instructions was seasonably entered as mandated by M.R. Crim.P., Rule 30(b). Thus, appellant's belated challenge will not be considered by this Court absent "[o]bvious errors or defects affecting substantial rights." M.R. Crim.P., Rule 52(b).

■ The gratuitous instruction regarding the State's duty to prove an actual date was technically incorrect in that it did not restrict the permissible period of proof to six years *prior* to the date of the indictment. *See* 15 M.R.S.A. § 452; State v. Morin, 149 Me. 279, 284, 100 A.2d 657, 659 (1953). However, the precise date of the illegal entry was not a material issue at trial since there was no variance between the date proved by the State and the date alleged in the indictment, namely, August 10, 1971. Under the circumstances appellant's rights were in no way affected and this technical inaccuracy may be disregarded as harmless error. M.R.Crim.P., Rule 52(a).

Because our examination of the instructions discloses no error or defect, we do not consider the final two points as having been properly preserved for appellate review. M.R.Crim.P., Rule 52(b). *See* State v. Boisvert, 236 A.2d 419, 422 (Me. 1967); State v. Simpson, 276 A.2d 292, 294 (Me.1971); State v. Girard, 283 A.2d 462, 463–464 (Me.1971).

■ The entry is:

Appeal denied.[5]

POMEROY, J., did not sit.

All Justices concurring.

---

4. We note, as did the Court in *Martin*, that an indictment drafted in accordance with the forms promulgated in conjunction with the Maine Rules of Criminal Procedure is adequate. *See* Dow v. State, 295 A.2d 436, 437–438 (Me.1972). However, we also reaffirm the position taken by both this Court in *Martin* and by the Commentary to Rule 58 that "[i]t is not necessary that counsel use the precise form set out in the Appendix of Forms . . . ." Glassman, Maine Practice § 58.1. Thus, while we recommend the preparation of indictments in accordance with the sample forms, an indictment prepared otherwise may nevertheless be sufficient.

5. We note that the appellant was sentenced to imprisonment in the Maine State Prison "for not less than 3 years and not more than 8 years, a term that exceeds the maximum imprisonment allowable for a conviction under Section 754, namely, "not more than 5 years." Whatever may have been the reason for this error, it may be corrected without resort to Post Conviction Habeas Corpus (14 M.R.S.A. § 5502), by proper proceedings seasonably initiated under M.R.Crim.P., Rule 35(a) which provides:

"(a) The justice who imposed sentence may . . . correct an illegal sentence . . . within sixty days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal."