WILLIAM R. KALLOCH *vs.* A. H. NEWBERT.

Knox.　　Opinion December 22, 1908.

*Officers.　Deputy Enforcement Commissioners.　Warrants.　Intoxicating Liquors.
Interstate Commerce.　Search and Seizure.　Statute, 1905, chapter 92, section 3.
Revised Statutes, chapter 29, sections 36 to 58 inclusive.*

It is a well established rule of law that an officer in the service of a writ or warrant is protected in the performance of his duty, if there is no defect or want of jurisdiction apparent on the face of the writ or warrant under which he acts.

An officer is not bound to look beyond his process. He is not to exercise his judgment touching the validity of the process in point of law, but if it is in due form, and is issued by a court or magistrate apparently having jurisdiction of the case, he is to obey its commands.

There is nothing in the interstate commerce law that renders intoxicating liquors immune from seizure and the court is not aware of any decision that so holds. But after seizure of such liquors and upon libel and hearing if it is shown that they were articles of interstate commerce, then the carrier is entitled to a return of such liquors.

Whether intoxicating liquors are commodities within the protection of the interstate commerce law, is a judicial question to be settled by the court and not one to be determined by the officer as a condition precedent to the execution of his warrant. The officer is not required to adjudicate whether the liquors described in his warrant are seizable or not.

A deputy enforcement commissioner duly appointed and qualified under the provisions of chapter 92, Public Laws, 1905, has authority to serve warrants duly issued for the violation of the provisions of Revised Statutes, chapter 29, section 47, which provides that "no person shall deposit or have in his possession intoxicating liquors with intent to sell the same in the state in violation of law, or with intent that the same shall be so sold by any person, or to aid or assist any person in such sale."

Where the defendant officer acting under a search and seizure warrant duly issued, searched the plaintiff's vessel and seized about 500 gallons of intoxicating liquors, and while making the search found in the cabin of the vessel, and separate and apart from the other liquors, a small package containing about two quarts of intoxicating liquor but upon the plaintiff's statement that these two quarts of liquor had been purchased by him for a friend, omitted to seize the same, *Held* that the omission of the defendant to seize the liquor in this package should be regarded as a mere incident, when considered in connection with the actual seizure of nearly 500 gallons

of intoxicating liquors, and that the duty of the defendant officer to seize the liquor contained in the package must be held to have been intended to be waived by the plaintiff by virtue of his own statement that he had purchased the same for a friend.

*Boston & Maine Railroad* v. *Small*, 85 Maine, 462, distinguished.

On exceptions by plaintiff.    Overruled.

Action of trespass against the defendant, who was a Deputy Enforcement Commissioner duly appointed and qualified under chapter 92, Public Laws of 1905, for breaking and entering, on July 30, 1906, the plaintiff's vessel lying at a wharf in Rockland harbor, and of which said vessel the plaintiff was then and there captain and in command, and taking and carrying away certain intoxicating liquors found in said vessel.    The declaration in the plaintiff's writ is as follows:

"In a plea of trespass, for that the said A. H. Newbert at Rockland aforesaid on the thirtieth day of July A. D. 1906, with force and arms broke and entered the plaintiff's schooner and vessel called the Hastings of which said schooner and vessel the plaintiff was then the captain and commander, said schooner and vessel being then and there engaged in lawful interstate commerce, and then and there had on board said vessel a valuable cargo of freight and merchandise for transportation, and said defendant after breaking and entering as aforesaid, then and there took and carried away the goods and chattels of the plaintiff, viz:    two barrels each containing twenty-six gallons of whiskey;   one ten gallon keg of rum ;   one ten gallon can of gin ;   25 cases of whiskey ;   one keg containing twenty gallons of gin ;   one keg containing twenty gallons of wine ;   one keg containing ten gallons of wine ;   one keg containing five gallons of brandy ;   and seven hundred and twenty pint bottles of whiskey then and there being found and being of great value, to wit, of the value of five hundred dollars and then and there converted the same to the use of the said defendant against the peace of the State.

"For that the plaintiff on the thirtieth day of July A. D. 1906, at Rockland aforesaid, was owner and in command as captain of a vessel named Hastings, and was then and there lawfully engaged with said vessel in interstate commerce, and on said day had in his possession on board said vessel at Rockland aforesaid a large

amount of merchandise as freight for transportation and delivery. That on said thirtieth day of July, A. D. 1906, said defendant falsely pretending to have in his possession for service a legal complaint and warrant to enable him to enter on board and search said vessel, with force and arms broke and entered said vessel and cargo of merchandise aforesaid, and then and there took and carried away the goods and chattels of the plaintiff, viz: two barrels of whiskey; one keg of rum; one can of gin; one keg of gin; two kegs of wine; seven hundred and twenty-seven bottles of whiskey contained in barrels and cases. Also twenty-five other cases containing whiskey and other liquors all of the value of five hundred dollars and then and there assaulted the plaintiff and placed him under arrest and caused him to be tried and condemned in the Police Court of said Rockland, and sentenced to a fine and imprisonment, without being charged with any crime; from which condemnation and sentence said plaintiff was obliged to appeal to the next succeeding term of the Supreme Judicial Court. Whereby the plaintiff was caused great loss of the goods and chattels aforesaid and by reason thereof for a long time was obliged to neglect and abandon his said vessel and to employ others to care for same, and thereby suffered great loss of time; and thereby was prevented from delivering said freight and merchandise, and from receiving charges for freight thereon to the amount of fifty dollars, and other injuries the said A. H. Newbert then and there did to the plaintiff against the peace of the State which shall then and there be made to appear, with other due damages."

Plea, the general issue with brief statement as follows:

"And for special matter of defence by way of brief statement by leave of court pleaded, to be used under the foregoing general issue, the defendant says:

"That he was on said thirtieth day of July, one of the deputy enforcement commissioners of the State of Maine, duly appointed and qualified; that whatever he did in the premises he did by virtue and in accordance with the commands of a warrant duly signed and issued by the Judge of the Police Court of the City of Rockland under the seal of said court and to him directed as one

of said deputy enforcement commissioners, and of the libel filed therein to forfeit said liquors, the said Judge and said court having jurisdiction in the premises; which said warrant was by him duly served and returned and on which proper legal proceedings were therefore had; and that he did no more in the premises than was necessary in the performance of his duty under said warrant and libel.

"That said liquors have since been returned to and accepted by said Kalloch and he, said Kalloch, has not suffered any legal loss or damage on account thereof, and this the defendant is ready to verify."

Tried at the January term, 1908, Supreme Judicial Court, Knox County. Verdict for defendant. The plaintiff excepted to certain rulings made by the presiding Justice during the trial.

The case is stated in the opinion.

*David N. Mortland, and Rodney I. Thompson,* for plaintiff.
*Arthur S. Littlefield,* for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, PEABODY, SPEAR, CORNISH, BIRD, JJ.

SPEAR, J. This is an action of trespass and comes up on exceptions. The plaintiff was the master of a vessel which was engaged in interstate commerce and lying at a wharf in the city of Rockland. The defendant was a deputy enforcement commissioner duly appointed and qualified under chapter 92, Public Laws of 1905. By virtue of a complaint and warrant properly issued from the police court of the city of Rockland, which was placed in his hands for execution, the defendant was directed to search the plaintiff's vessel for intoxicating liquors, and seize them if found. No controversy is made that the warrant was an ordinary search and seizure warrant in due form and without apparent defect. The defendant served the warrant and found and seized about 500 gallons of intoxicating liquor. The liquor was duly libeled and upon hearing, being adjudged to be within the protection of the interstate commerce clause of the Constitution, was ordered returned, and this order

was properly executed. While making the search, the defendant went into the cabin of the vessel with the plaintiff and found a small package of liquor containing about two quarts which the plaintiff said "a friend of his sent by him to Boston to get." Upon this statement the defendant did not take the package. The case was submitted to the jury with a verdict for the defendant. The defendant justified his acts in making the search and seizure as a duly qualified officer acting under a legal warrant issued from a court of competent jurisdiction. The Justice presiding ruled that if properly executed, such a warrant was a legal justification. The plaintiff objected to this ruling and denied that the warrant if fair upon its face and legally sound afforded justification for three reasons. First, because the vessel was engaged in interstate commerce. Second, by the provisions of the Public Laws of 1905, chapter 92, section 2, the defendant had no power to act in the enforcement of the prohibitory law with respect to the keeping of intoxicating liquors. Third, to afford a complete justification under the warrant, it was the duty of the defendant to seize all the liquors he found on board the vessel. Nothing appeared upon the face of the warrant in any way indicating that the liquors described therein were commodities of interstate commerce.

Upon the facts here presented, the plaintiff's first ground of complaint is without merit. There is nothing in the interstate commerce law that renders intoxicating liquors immune from seizure and we are aware of no decision that so holds. But after seizure and upon libel and hearing if it is shown that they were articles of interstate commerce, then the carrier is entitled to a return of the goods. Whether liquors are commodities within the protection of the interstate commerce law, is a judicial question to be settled by the court and not one to be determined by the officer as a condition precedent to the execution of his warrant. We think this is precisely the rule laid down in *B. & M. Railroad* v. *Small*, 85 Maine, 462. The court say : "It is urged that it may at times work a great hardship upon an innocent owner, if an officer must in every case seize whatever intoxicating liquors he finds under a search warrant, however evident it is they are not intended for unlawful sale. The policy of

the law is that every owner or keeper of intoxicating liquors shall be prepared to defend them, before the courts and not before the officer against the accusation, that they are intended for unlawful sale." In other words the officer is not required to adjudicate whether the liquors described in his warrant are seizable or not.

It is also a rule of law too well established to now require discussion, that for reasons founded on public policy and in order to secure a prompt and effective service of legal process, the law protects its officers in the performance of their duties, if there is no defect or want of jurisdiction apparent on the face of the writ or warrant under which they act. The officer is not bound to look beyond his warrant. He is not to exercise his judgment touching the validity of the process in point of law; but if it is in due form, and is issued by a court or magistrate apparently having jurisdiction of the case, or subject matter, he is to obey its commands. The defendant's warrant if properly executed, was a complete justification.

The plaintiff's second proposition is that the defendant's warrant, if in other respects a justification, failed in this that the act of the legislature creating the enforcement commissioners, vested in them authority only "in the enforcement of the law against the manufacture and sale of intoxicating liquors, omitting to give them any authority against the keeping of intoxicating liquors, an offense specified in sec. 47, R. S., chapter 29." We think this contention is equally untenable. It will be observed by reference to chapter 29, R. S., that sections 36 to 58 inclusive, the sections relating to the manufacture, selling and keeping for sale intoxicating liquors, are under the title, "Manufacture and sale of intoxicating liquors." This title covers six pages of the chapter. The act of 1905 provides that "Commissioners, with the advice and under the direction of the Governor, shall have and are authorized to exercise all the common law and statutory powers of sheriffs in their respective counties in the enforcement of the law against the "manufacture and sale of intoxicating liquors." By section 3, the deputy enforcement commissioners have the same powers as the Commissioners, that is, all the powers of sheriffs.

The subject matter of R. S., chapter 29, covering section 47 relating to the keeping of intoxicating liquors, is "The manufacture and sale of intoxicating liquors." The act of 1905 is entitled "An act to provide for the better enforcement of the laws against "The manufacture and sale of intoxicating liquors." "The manufacture and sale referred to and intended in the act of 1905 is "The manufacture and sale" specified in chapter 29. This act, therefore, construed in pari materia embraces everything in chapter 29 under the title "Manufacture and sale of intoxicating liquors." Section 47 is there found and consequently included.

If this were not so, it is perfectly clear that the legislature intended that these officers should have authority to enforce every provision of the prohibitory law.

They used the phrase "manufacture and sale" as a general term calculated to cover every violation of the prohibitory law from section 36 to 58 inclusive, and as before noted section 47 comes under this general head and was intended to be included within it. The rule of construction upon the interpretation of statutes that the intention of the legislature shall control, when such interpretation does no violence to the language used, is too well established to require citation. *Collins* v. *Chase*, 71 Maine, 434; *Holmes* v. *Paris*, 75 Maine, 559; *Landers* v. *Smith*, 78 Maine, 212; *Gray* v. *County Commissioners*, 83 Maine, 429.

The third ground upon which the plaintiff seeks to hold the defendant for damages in trespass is based upon the fact that the defendant in serving his warrant did not make a seizure of all the liquors upon the vessel, which came to his notice. It appears from the evidence of both the officer and his aid that they left in the cabin of the vessel about two quarts of liquor. The uncontradicted testimony with respect to the omission to seize this liquor was given by the defendant as follows: "We looked all around the cabin, saw nothing there but a small package of liquors, there might have been a couple of quarts in it, which Captain Kalloch said a friend of his sent by him to Boston to get."

The plaintiff argues that this omission of the officer brings the case fully within the rule laid down in *B. & M. Railroad* v.

*Small*, 85 Maine, 462.  But the cases seem to be clearly distinguishable.  The facts and the motives which animated the officers in the execution of their warrants, in the two cases are entirely dissimilar.  In the railroad case, the court say:  "The defendant officer exercised the authority to search but he wilfully and deliberately refused to seize the intoxicating liquors he found, and made a false return that he found none.  He assumed to nullify the main command of the statute and of his process."  The officer omitted to seize a barrel of intoxicating liquor.

Not so in the case at bar.  The defendant seized hundreds of gallons of intoxicating liquors.  It was not in a spirit of "wilful and deliberate" refusal to obey his warrant that he omitted to seize the two quarts found in the cabin, separate and distinct from the rest of the cargo, but in deference to the plighted word of the Captain that they had been purchased by him for a friend.  It would at least be a travesty upon justice if not an anomaly in law, to now allow the plaintiff to invoke the kindness of a favor as the technical foundation of a suit for damages against the doer of the friendly act.

The omission of the officer to take the small package should be regarded as a mere incident, when considered in connection with the actual seizure of 500 gallons of intoxicating liquors under his warrant.  The duty of the officer to seize this comparatively insignificant quantity must be held to have been intended to be waived by the plaintiff by virtue of his own statement that he had purchased it for a friend.  Under the circumstances in this case, he cannot now be permitted to assert his own wrong by taking advantage of the position assumed by the officer upon his own suggestion.  The plaintiff was surely not injured by the officer's act of courtesy and confidence.  The railroad case above cited is not in conflict with this conclusion.  The opinion seems to be founded upon the doctrine of sound public policy.  After discussing the Six Carpenter's case, the court say:  "Our stricter rule is firmly established in our law, and we think upon grounds of public policy it is the better and more reasonable rule.  While, of course, in a given case an officer may have a sufficient, lawful excuse for his omission, the general,

plain, reasonable and necessary proposition is, that a ministerial officer must faithfully obey every lawful command in the statute or process, or he will be left without its protection in any suit against him for any acts done by him under color of such statute or process." We think this case falls fairly within the exception.

Neither public policy nor private right requires that the defendant in the case at bar should answer in damages to the plaintiff for performing an act in compliance with the plaintiff's assent.

*Exceptions overruled.*