EDITH M. HEFLER *vs.* HENRY L. HUNT.

Cumberland.   Opinion March 11, 1921.

*Provisions of R. S., Chap. 135, Sec. 9, requiring a person arrested to be brought before*
*a magistrate for examination, and the warrant with return thereon delivered to*
*the magistrate, are mandatory.   An escaped prisoner must be re-arrested*
*under "due process of law" and taken before the magistrate promptly,*
*whether the escape is voluntary or not.   Otherwise an officer*
*fails to execute or complete the process to him directed, and is*
*liable in damages in a civil action.*

Action against a deputy sheriff to recover damages for false arrest and imprisonment

*Held:*

1.  R. S., Chap. 135, Sec. 9, requiring that every person arrested for an offense shall be brought before the magistrate issuing the warrant, or some other in the same county, for examination; and further requiring that the warrant, with proper return thereon, signed by the officer serving it, shall be delivered to the magistrate, is mandatory; and the officer who fails to fully carry out the commands of the warrant, without justification, does so at his peril.

2.  An escape is the departure of a prisoner from custody before he is discharged by due process of law.

3.  A voluntary escape takes place when the prisoner has given to him, voluntarily, any liberty not authorized by law.   The fact that the one granting the liberty was an officer superior to the one making the arrest makes the situation no different.   The act of the superior officer is not due process of law.

4.  The State must not be deprived of the right of re-arrest because of any escape from custody, when the person escaping is held under criminal process. Even though the officer consent to the arrest he is bound to retake the prisoner.

5.  The warrant, by virtue of which the prisoner was arrested, still remains in force to all intents and purposes.   It is process under which he may yet be arrested and held for examination.

6.  The process directed to the officer by lawful authority must be executed with all possible expedition, promptly, fully and precisely.   The time of execution is as essential as any other element.   Much more should execution of process once begun be completed promptly, fully and precisely.

7.  In the case at bar the defendant failed to so act as to be relieved from liability in a civil action of the nature of the case at bar.

On report.  This is an action of trespass for false imprisonment. The plaintiff was arrested by the defendant, a deputy sheriff, on the 27th day of August, 1919, on a warrant issued by the Portland Municipal Court, and on the same day committed to jail in Cumberland County.  The next morning, before court set, the sheriff, without the knowledge or consent of the defendant, one of his deputy sheriffs, permitted the prisoner to go at large.  On the day of the arrest the defendant made return upon the warrant that he had arrested the plaintiff "and now have her before the court as within directed." On September 18th, a date subsequent to the date of the writ in this action, the defendant with the same warrant went to plaintiff's home and took her to the Municipal Court room, where she was tried and found not guilty.  Plea, the general issue, and a brief statement. By agreement of the parties the case was reported to the Law Court to determine all questions of law and fact, and assess such damages as it shall determine.  Judgment for plaintiff.  Damages assessed at $100, together with taxable costs.

The case is fully stated in the opinion.

*Samuel L. Bates,* for plaintiff.

*Harry E. Nixon,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, PHILBROOK, MORRILL, WILSON, JJ.

PHILBROOK, J.  This is an action to recover damages for assault and false imprisonment.  The case is before us on report for our determination of all questions of law and fact, and for our assessment of damages if the plaintiff should be found to be entitled to the same.

The defendant, a deputy sheriff, on the 27th of August, 1919, entered complaint before the Judge of the Municipal Court of Portland alleging that the plaintiff, on the 25th day of August, 1919, at said Portland, was an idle and disorderly person having no visible means of support, neglecting all lawful calling or employment.  Upon this complaint, on the same 27th day of August, a warrant was issued commanding the proper officers to forthwith apprehend the plaintiff and bring her before said court to answer to the complaint thus made. Armed with this warrant the defendant repaired to 90 Wilmot Street,

in the City of Portland, where the plaintiff resided with her parents, and at about nine or ten o'clock in the forenoon, according to testimony of the plaintiff's mother, arrested the plaintiff, took her to and incarcerated her in the county jail. On the same 27th day of August the defendant made return upon his warrant that he had arrested the plaintiff "and now have her before the Court as within directed." This return was not true in fact. The defendant admitted that he signed his return upon the warrant at the jail and left the precept there. The plaintiff remained in the county jail until after seven o'clock in the evening of the day on which she was arrested, when, at the request of her mother, she was released by Sheriff Graham and taken by the mother to the parents' home on Wilmot Street. The following day the defendant learned that his prisoner had been released the night before and taken away by her mother, but according to his own testimony he did not go to her home to see whether she was there, nor did he make any such visit until September 18th, a date subsequent to the date of the writ in this action, at which time, without obtaining any new precept, he went to the plaintiff's home, took her to the Municipal Court room, where she was tried and found not guilty.

In considering the rights of the plaintiff, or the liability of the defendant, we look to conditions as they existed at the date of the writ, which is September 11th, or a week before the day on which the plaintiff was re-arrested and brought before the Municipal Court for trial. From August 27th to September 11th the defendant had made no effort to comply with the command in the warrant directing him to bring his prisoner before the proper tribunal. He was equally indifferent to the mandatory provisions of R. S., Chap. 135, Sec. 9, requiring that every person arrested for an offense shall be brought before the magistrate issuing the warrant, or some other in the same county, for examination; and further requiring that the warrant, with a proper return thereon, signed by the officer serving it, shall be delivered to the magistrate.

In *Tubbs* v. *Tukey*, et al, 3 Cushing, 438, the Massachusetts Court has said that it is an established rule of law, in civil suits, that when an officer justifies under mesne process which is returnable, he must show that he has done all that it was his duty to do, and that he is a trespasser if he does not show that he returned the process. And in the same opinion the court declares that the same doctrine is applicable to the case of a warrant in a criminal process.

In a later case, *Brock* v. *Stimson*, 108 Mass., 520, the same court declared that "every man has the right to the enjoyment of his liberty and the use of his property, except so far as restrained by law; and whoever unlawfully interferes with the enjoyment of the one, or the use of the other is a trespasser. A man who seizes the property or arrests the person of another by legal process, or other equivalent authority conferred upon him by law, can only justify himself by a strict compliance with the requirements of such process or authority. If he fails to execute or return the process as thereby required, he may not perhaps in the strictest sense be said to become a trespasser *ab initio*, but he is often called such, for his whole justification fails, and he stands as if he had never had any authority to take the property, and therefore appears to have been a trespasser from the beginning. The same rule holds good in the case of an officer who, after arresting a person on criminal process, omits to perform the duty required by the law, of taking him before a court."

Realizing his failure to fully execute the precept upon which he had made the arrest; the defendant seeks to justify upon the ground that the prisoner had escaped. This requires consideration of the question as to what constitutes an escape, and the rights and duties of an officer when an escape occurs.

Considered in its broadest terms, an escape is the departure of a prisoner from custody before he is discharged by due process of law, I Bouvier, Rawle's Revision, Page 688. Liberty given to a prisoner, not authorized by law, is an escape. *Colby* v. *Sampson*, 5 Mass., 310. There may be actual, constructive, negligent, or voluntary escapes. It is unnecessary to discuss the elements which differentiate and describe these various escapes. It is sufficient to say, in view of the brief history of the case given above, that there was in this case a voluntary escape, since a voluntary escape takes place when the prisoner has given to him, voluntarily, any liberty not authorized by law. I Bouvier, supra. The fact that the one granting the liberty was the sheriff, an officer superior to the defendant, makes the situation no different. The act of the sheriff was not due process of law.

But what were the rights and duties of the arresting officer, when an escape occurs, the performance or non-performance of which would affect the question of liability when civil suit is brought for false imprisonment on the ground that the officer failed to bring his prisoner

before the proper magistrate. It is necessary to bear in mind that we are discussing the status and rights of the parties at the time when this suit was·brought, not what occurred after the date of the writ. Nor are we discussing arrest or re-arrest as applied to civil cases, upon either mesne process or final process, as to which subject there is not complete harmony of views among the courts of this country or the English Courts.

The State must not be deprived of the right of re-arrest, because of any kind of escape from custody, when the person escaping is held under criminal process. Even though the officer consent to the escape, he is bound to retake the prisoner. *Chitty Cr. L.*, 61, Am. Ed., 1841; *Dickinson* v. *Brown*, 1 Esp. Rep., 218; Peake's N. P. Cas., 234, S. C.; *Butt* v. *Jones*, 1 Niel Gow's N. P., Cas. 99; *Clark* v. *Cleveland* 6 Hill's Rep., 344. The warrant, by virtue of which the prisoner was arrested, still remains in force to all intents and purposes. It is process under which he may yet be arrested, and held for examination. *Clark* v. *Cleveland*, supra. Plainly, therefore, in the case at bar, it was not only the right, but it was the duty of the defendant to execute his warrant. Moreover, the process directed to the officer by lawful authority must be executed with all possible expedition, promptly, fully and precisely. The time of execution is as essential as any other. element. *State* v. *Guthrie*, 90 Maine, 448. *A fortiori* should execution of process once begun be completed promptly, fully and precisely. That the escape could not have been excuse for delay is found by brief examination of the record and what it discloses regarding the physical and mental condition of the plaintiff. She is about thirty-three years old, but from very early childhood has been so lame that she has needed the assistance of a crutch in walking; is a deformed dwarf; is so deaf that when she testified in court the oath and interrogatories were necessarily reduced to writing. She has always been under the control of her mother. When arrested she was found at her parents' home, and the defendant was informed that she had been released at the request of her mother. Surely it could not require courage, diligence or experience as an officer to make search for this escaped prisoner, nor would there be probable difficulty in finding her, nor inability to comply with the command in the precept to bring her before the magistrate. The defendant chose to do none of these things but, on the contrary, to plainly neglect his legal duty until, after a delay of two weeks, this action was brought against him. His

subsequent zeal in bringing the plaintiff before the court does not deprive her from maintaining this action upon conditions as they existed at the date of the writ.

She is weak, physically and nervously, and, according to the testimony she suffered mentally at least as a result of the imprisonment. We are of opinion that she should recover damages in the sum of one hundred dollars.

> *Judgment for plaintiff.*
> *Damages assessed at $100, together with taxable costs.*