## OUTZ *v.* THE STATE.

The indictment in this case is not bad for duplicity as charging in one count two or more separate and distinct offenses.

No. 3330. NOVEMBER 18, 1922.

Question certified by Court of Appeals (Case Nos. 13548, 13549).

*Titus & Dekle,* for plaintiffs in error.

*Clifford E. Hay, solicitor-general,* contra.

FISH, C. J. The Court of Appeals certified to this Court the following question: " Is an indictment subject to be quashed because it charges in one and the same count that the accused, on a named date, did manufacture intoxicating liquors, and also that the accused, ' concurrently therewith, as a part of the same transaction,' did unlawfully have, possess, and control the said liquors,

and ' did knowingly permit and allow to be located on ' his premises ' the apparatus used in so manufacturing the same ' ? — the demurrer interposed being as follows: ' Before pleading defendant demurs to the indictment and moves to quash same because defendant is charged in one and the same count therein with distilling and manufacturing intoxicating, spirituous, and alcoholic liquors and beverages, under section 23 of the act of the legislature of Georgia approved March 28th, 1917, same being a felony; and is also charged in the same count with knowingly permitting another to locate on his premises an apparatus for distilling and manufacturing liquors referred to in the indictment, under section 22 of said aforesaid act, same being a misdemeanor and an entirely separate and distinct offense from said felony charge, and not included therein.' "

Under the prohibition law of this State (Ga. L. Ex. Sess. 1917, sec. 23) it is a felony for any person to manufacture or make any alcoholic etc. liquors within this State; and section 22 of the act makes it a misdemeanor for any person " to knowingly permit or allow any one to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in this act." As a general rule an indictment charging two or more distinct and separate offenses in one count is bad for duplicity. However, different grades of the same offense may be charged in the same count. *Long* v. *State,* 12 *Ga.* 293; *Davis* v. *State,* 57 *Ga.* 66; *Gilbert* v. *State,* 65 *Ga.* 449. See *Sutton* v. *State,* 124 *Ga.* 815 (53 S. E. 381), and cases cited; 14 R. C. L. 194, § 40. " Mere surplusage does not amount to duplicity; and where a count charges one offense, and defectively charges another, the latter charge may be rejected as surplusage." 14 R. C. L. 196, § 40.

The indictment referred to in the question of the Court of Appeals in one count charged that the accused did manufacture intoxicating liquors, and concurrently therewith, as part of the same transaction, did unlawfully possess and control said liquors, and did knowingly permit and allow to be located on his premises the apparatus used in so manufacturing the same. Only one offense was properly laid; that is, the manufacturing of intoxicating liquors. The charges that the accused in manufacturing the liquors, " concurrently therewith, as part of the same transaction," had

possession and control of the liquors and knowingly permitted and allowed the apparatus used in so manufacturing same " to be located on his premises, were mere surplusage; they explicitly referred to the transaction of manufacturing the liquor, and constituted parts of that transaction. Of course, if the accused manufactured the liquor, he was in possession and control thereof at the time he manufactured it, and no attempt was made to charge him in such circumstances with two offenses, that is, with manufacturing and possessing the liquor. Neither did the charge that the apparatus used by the accused in manufacturing the liquor, and as part of the same transaction as the manufacturing and having possession of the same, was knowingly permitted and allowed by the accused to be located on his premises, amount to a valid charge of a separate and distinct offense from that of manufacturing the liquor, as it was not alleged that the accused knowingly permitted and allowed another to locate the apparatus on the premises of the accused. Such charge, therefore, even if intended to allege a separate and distinct offense, was defective and amounted to mere surplusage.

In view of what we have said we conclude that the indictment, while not skilfully drawn, was not subject to the demurrer on the ground of duplicity, and the question is answered in the negative. *All the Justices concur, except Atkinson, J., dissenting.*