LLEWELLYN B. TRAFTON *vs*. LLOYD H. HOXIE.

Piscataquis.      Opinion, August 21, 1935.

*John S. Williams,*
*Durgin & Villani,* for plaintiff.
*Edward P. Murray,*
*C. W. & H. M. Hayes,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.    Action of trespass for false imprisonment reported upon the agreement of the parties that if the action is not maintainable judgment shall be for the defendant, but if maintainable the case is to be sent back for the determination of damages.

The evidence and stipulations reported show that on January 25, 1933, the defendant, a duly qualified deputy sheriff of Piscataquis County arrested and committed the plaintiff to jail on a capias execution issued from the Superior Court within and for the County of Penobscot. The deputy did not return the execution to the court from which it issued but delivered it with his return endorsed thereon to the sheriff as keeper of the jail.

The execution having been issued after poor debtor disclosure proceedings on an original execution, a copy of the certificate of the Disclosure Commissioner of the following tenor was attached thereto:

## "STATE OF MAINE

PISCATAQUIS, ss.                              September 28, A.D. 1932.

I, HAROLD M. HAYES, Judge of Piscataquis Municipal Court, within and for said County, and qualified as such, acting as Disclosure Commissioner, do hereby certify that upon application of Abraham M. Rudman, Esquire, as attorney of the owner of the judgment on which the within execution was issued, the debtor therein named was duly and legally summoned to appear before me, at the Municipal Court Room, in Guilford in said County, on the twenty-eighth day of September A.D. 1932 at ten o'clock, in the forenoon to make, on oath, a full and true disclosure of all his business and property affairs.

THAT AT SAID TIME AND PLACE the said debtor L. B. Trafton failed to appear and submit himself to examination and to make disclosure in manner aforesaid; whereupon his default was recorded and I issued a capias, as provided in Section 38, Chapter 124 of the Revised Statutes, and annexed the same to this execution.

HAROLD M. HAYES
Judge of Piscataquis Municipal Court,
acting as Disclosure Commissioner" (seal)

On the back of the execution appeared the endorsement, "Mr. Officer—Collect 220.66 or commit. A. M. Rudman, Attorney."

The defendant in his pleadings justifies under the process. The plaintiff attacks the validity of the execution on the grounds that the direction to the officer endorsed on it by the attorney for the judgment creditor is uncertain and the Disclosure Commissioner in his certificate referred to the wrong section of the statute as authority for the debtor's default and the issuance of the capias. The plaintiff also denies the right of the officer to justify under the process which was not returned to the court from which it issued. These are the only challenges to his imprisonment pressed before this Court.

It is a well-settled rule of law that for reasons founded on public policy the law protects its officers in the performance of their

duties if there is no defect rendering the process void or want of jurisdiction apparent on the face of the writ or warrant under which they act. The officer is not bound to look beyond his process. He is not to exercise his judgment touching the validity of it in point of law. He may justify though in fact the warrant may have been issued without authority or if there be irregularities rendering it voidable but not void. Irregularities merely that are amendable do not vitiate it. "The officer stands upon defensible ground unless the process be absolutely void." *Elsemore* v. *Longfellow*, 76 Me., 128; *Rush* v. *Buckley*, 100 Me., 322, 61 A., 774; *Kalloch* v. *Newbert*, 105 Me., 23, 72 A., 736; *Faloon* v. *O'Connell*, 113 Me., 30, 92 A., 932.

The endorsement of the attorney for the judgment creditor on the back of the execution that the officer should collect or commit is no part of the process and uncertainty therein, if there be such, can not affect its validity. The cases cited on the brief in this attack on the process are not in point.

The reference of the Disclosure Commissioner in his certificate to "Section 38, Chapter 124 of the Revised Statutes" as the authority for the default be recorded against the plaintiff in the poor debtor proceedings and the capias issued thereon, as appears in the copy of the certificate attached to the execution on which the arrest was here made, was erroneous. The correct statutory reference would have been to Secton 39 of Chapter 124, which is directly applicable to disclosure proceedings where, as here, the debtor cited to disclose fails to appear and submit himself to examination, provision being therein made that the petitioner for disclosure in such a case may have a default recorded against the debtor "and then proceed as in the preceding section," viz., Section 38, which requires the disclosure commissioner, when the debtor fails to obtain the poor debtor's oath, to endorse a certificate of that fact upon the execution then in force and issue and annex thereto a capias, with the further provision that a copy of such certificate shall be endorsed on every subsequent execution issued on the same judgment or any judgment founded thereon. This adoption by reference of the rules of procedure of Section 38 into Section 39 of Chapter 124, R. S., makes them a part of it as if originally enacted therein. *Furbish* v. *C. Com.*, 93 Me., 117, 44 A., 364; *Collins* v. *Blake*, 79 Me., 218,

9 A., 358; *Endlich on Interpretation of Statute,* Sec. 492; Vol. 2, *Sutherland Statutory Construction,* 788. To have been strictly correct, the Disclosure Commissioner in his certificate should have referred to the adopting not the adopted statute as the authority under which he acted. It was unnecessary, however, to make the reference. The form of the certificate is not prescribed by statute. All that is required is a certificate of the facts. The erroneous reference to the statute was surplusage which can not vitiate the process.

The failure of the officer in the case at bar to return his execution into court does not bar his right to justify under the process. If he had acted under mesne process, a return into court would have been necessary. *Hefler* v. *Hunt,* 120 Me., 10, 112 A., 675; *Brock* v. *Stimson,* 108 Mass., 520. A return of final process as here, an execution running against the body in the nature of a *capias ad satisfaciendum,* however, is not required in order to permit the officer to justify under the process. It was so held at common law. *Chesley* v. *Barnes,* 10 East., 73; *Clark* v. *Foxcroft,* 6 Me., 296; *Ingersoll* v. *Sawyer,* 2 Pick. (Mass.), 276; *Fulton* v. *Wood,* 3 Harr. & M. (Md.), 99; 57 C. J., 910 and cases cited. The provisions of R. S., Chapter 96, Section 162, making executions returnable within three months, have not changed the rule. *Clark* v. *Foxcroft,* supra. It is held that statutory provisions which require sheriffs and constables to return writs of execution are designed for the benefit of the plaintiffs therein and are not available for defendants aggrieved by any omission. *Robinson* v. *Williams,* 80 Me., 267. The mandate of the process for a return does not, in our opinion, extend beyond the statute.

In accordance with the stipulations of the Report, judgment must be for the defendant. So ordered.

*Judgment for the defendant.*