Ronald W. BOYCE

v.

STATE of Maine et al.

Supreme Judicial Court of Maine.

Feb. 17, 1969.

Ronald L. Kellam, Portland, for plaintiff.

John W. Benoit, Jr., Asst. Atty. Gen., Augusta, for defendants.

Before WILLIAMSON, C. J., and WEBBER, MARDEN and WEATHERBEE, JJ.

WEATHERBEE, Justice.

On appeal.

In September of 1967 petitioner, who had been committed to the Reformatory for Men (which later became the Men's Correctional Center) pleaded guilty to an indictment charging him with escape and was sentenced to serve a term of one and one-half to three years in the Maine State Prison. Three months later he brought this petition for the statutory writ of post-conviction habeas corpus (14 M.R.S.A., Section 5502) alleging that the indictment to which he had pleaded guilty was insufficient at law. The Single Justice below ordered the petition dismissed. We find no error.

The indictment reads:

"On the nineteenth day of August, 1967, in the Town of Windham, County of

Cumberland, and State of Maine, the defendant, Ronald W. Boyce, was undergoing lawful imprisonment in the State Reformatory for Men, at said Windham, in pursuance of the sentence of the Honorable Alton A. Lessard, Justice of the Superior Court for the County of Penobscot, and State of Maine, on the Thirteenth day of September, A.D. 1966, for the offense of Conspiracy; which offense was within the jurisdiction of said court and upon the nineteenth day of August, A.D. 1967, the said Ronald W. Boyce did while in a supervised work crew at the Pineland Hospital and Training Center in said County, then and there willfully, unlawfully and feloniously, from and out of said work crew and out of said Reformatory for Men, escape and go at large."

Petitioner argues that the indictment to which he pleaded guilty was insufficient because it did not allege that the petitioner was undergoing lawful imprisonment at the Men's Correctional Center, that it alleges his employment on a work crew at the Pineland Hospital and Training Center which he says was not lawful confinement and that it fails to make clear whether it charges petitioner with violating 34 M.R.S.A., Section 5, 34 M.R.S.A., Section 807 or 17 M.R.S.A., Section 1405, all of which have reference to escapes from the Center.

"The lawfulness of the detention is the very gist of the crime of criminal escape, and the commitment by lawful authority is the very essence of the lawfulness of the detention." Smith, Ptr. v. State, 145 Me. 313, 322, 75 A.2d 538, 543 (1950).

The language of the indictment to which petitioner pleaded guilty is almost identical to that which we examined in Hamner v. State, Me., 223 A.2d 532 (1966) and which we found to meet all the requirements of good pleading and of constitutional exactness. It adequately charges a lawful imprisonment at the Men's

Correctional Center. However, its reference to the escape having taken place while petitioner was on a work crew away from the grounds of the institution raises an issue which we have not before considered. 34 M.R.S.A., Section 5, which was in effect at the time of petitioner's escape, permits the Department of Mental Health and Correction to authorize the employment of inmates of the Center away from the grounds of the Center in the construction and improvement of highways and "other public works", in fighting fires, in assisting officials in case of civilian disaster, and in the improvement of property of charitable institutions, under proper conditions of treatment and safekeeping. The Section then concludes with these words:

"Any * * * inmate who escapes from any assignments described in this section, or any other assignment * * * off the grounds of the Men's Correctional Center shall be guilty of escape under this Title or Title 17, section 1405."

Does the failure of the indictment to allege that petitioner's presence in the "supervised work crew" from which petitioner escaped was an "assignment" or that the project at Pineland Hospital and Training Center was an "authorized" public work constitute fatal omissions? We think not. Section 5 does not create a new offense of escape from the Center while on assignment to an authorized work detail. It empowers the Department to employ inmates on appropriate projects for their benefit and that of the public and it recognizes the common law principle that a prisoner who escapes while employed outside the walls of the institution of confinement is considered to have escaped from the institution. It is not essential that his presence off the institution grounds resulted from an authorized assignment. Whether at the time he escaped he was engaged in an authorized work program at Pineland or whether he was

there through someone's unauthorized assignment the result is the same. His escape was from the Men's Correctional Center to which he had been committed by the Court. State v. Rardon, 221 Ind. 154, 46 N.E.2d 605 (1943); Cutter v. Buchanan, Ky., 286 S.W.2d 902 (1956); Ford v. State, 237 Md. 266, 205 A.2d 809 (1965); Taylor v. State, 229 Md. 128, 182 A.2d 52 (1962); Johnson v. Warden, 196 Md. 672, 75 A.2d 843 (1950); Riley v. State, 16 Conn. 47 (1843); 30A C.J.S. Escape § 5c(1).

 The indictment adequately set forth the charge of escape from the institution. Its reference to the petitioner's presence on a work crew at Pineland Hospital and Training Center. Petitioner had the assistance of counsel at the time of his plea of guilty. If he had considered that more specific allegations as to the nature of his escape were essential to his understanding of the charge against him he could have requested that his counsel file a bill of particulars as provided in Rule 7(f), M.R. Crim.P.

> "The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise." State v. Charette, 159 Me. 124, 188 A.2d 898 (1963).

 As petitioner points out, Section 5 recites that escapees from work details shall be guilty of escape under either Title 34 or 17 M.R.S.A., Section 1405. Examination of these two sections removes any anxiety that petitioner may, as he claims, have been prejudiced because of uncertainty as to which of the two was the basis for his conviction and sentence. Both are concerned with escapes from the Center.

The passage in Title 34 referred to in Section 5 is Section 807. This deals only with escapes from the Center and provides that such escapee may be transferred to the Maine State Prison to serve out there the remainder of his term or he may receive as punishment for his escape an additional confinement for any term of years. The other section relates to escapes from any place of lawful confinement (except the Maine State Prison) and authorizes punishment by imprisonment for not more than seven years.

No claim is made that the passage of one of these two acts resulted in repeal of the other by implication. State v. Bryce, Me., 243 A.2d 726 (1968). We find no conflict in the language of the two sections except the differences in the maximum penalties provided and no issue concerning that conflict arises here inasmuch as the sentence that petitioner received was well below that authorized by either statute.

Appeal denied.

DUFRESNE and TAPLEY, JJ., did not sit.