**STATE of Maine**

v.

**Erwin DAMON.**

Supreme Judicial Court of Maine.

April 8, 1974.

Galen P. LaGassey, County Atty., Rockland, for plaintiff.

Grossman, Faber & Miller, P. A., by Edward B. Miller, Rockland, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

WERNICK, Justice.

An indictment against the defendant, Erwin Damon, was returned on October 5, 1972 to the Superior Court (Knox County). Identifying itself as an "Indictment for Violation of 34 M.R.S.A. Section 527 (Escape from Furlough)", the indictment alleged:

". . ., on or about, the Third day of September, 1972, at Thomaston, County

of Knox and State of Maine, Erwin Damon, feloniously did commit a criminal offense, to wit, while undergoing lawful imprisonment in the Maine State Prison, in pursuance of the sentence of Alton A. Lessard, Justice of the Penobscot County Superior Court at Its June Term, 1972 for the offense Forgery, for a term of not less than one year nor more than five years, which sentence was then and there in full force and effect, and the said Erwin Damon, having on, September 1, 1972 been granted a furlough by one having custody of him, to wit, Lars Hendrickson, Acting Warden at the Maine State Prison, to depart the prison, on said Maine State Prison Furlough Program; said Furlough to commence on September 1, 1972 at 8:30 A.M. at the Maine State Prison, and to terminate at 8:00 P.M. on September 3, 1972 at the Maine State Prison, whereupon, he, the said Erwin Damon, did then and there wilfully and unlawfully fail to return to the Maine State Prison and from and out of said Maine State Prison did escape and go at large."

On October 10, 1972 defendant filed a motion to dismiss the indictment on grounds: (1) the indictment fails to state facts sufficient to constitute an offense against the State of Maine, (2) "defendant has not committed the crime . . . charged since he was not under the control of the Maine Prison but was on furlough . . .", and (3) " . . . the Court in Knox County does not have jurisdiction to hear this matter since . . . this offense did not take place in Knox County."

The presiding Justice denied the motion to dismiss.

On October 26, 1972 defendant entered a plea of guilty, which was accepted by the Court. The Court then adjudicated that the defendant had been convicted on his plea of guilty "of the offense of Escape of furlough as charged in indictment." (In the adjudication no express reference was made to identify the statute violated). De-

fendant was sentenced to serve not less than one year and not more than two years in the Maine State Prison. From the judgment of conviction, and notwithstanding that it resulted from his plea of guilty, defendant has appealed. He asserts as the points raised on appeal that (1) the presiding Justice erred in denying defendant's motion to dismiss the indictment (2) the Superior . Court "had no jurisdiction and/or venue over the defendant or the subject matter" and (3) the indictment fails to allege facts constituting an indictable offense.

■ To the extent that the appeal, as brought by one against whom a judgment of conviction has been entered on the basis of his own guilty plea, presents issues properly cognizable, the appeal is denied.

Under Dow v. State, Me., 275 A.2d 815 (1971) the only issues among those raised by the defendant of which we may properly take cognizance in this direct appeal are: (1) the asserted lack of subject-matter jurisdiction of the Superior Court, and (2) the inadequacy of the indictment to allege a substantive offense.

■ As to the asserted lack of subject-matter jurisdiction defendant has erroneously attached the label, "subject-matter jurisdiction", to what is truly a "venue" issue—at least insofar as defendant contends that the prosecution should be in some County of Maine other than Knox County. Under Dow v. State, supra, the claim of improper venue is waived by defendant's plea of guilty and is, therefore, not cognizable in this appeal taken by the defendant from a judgment of conviction entered upon his guilty plea.

■ To the extent that defendant may, conceivably, be claiming that his voluntary "departure" from the terms of his furlough took place in fact when he was in a State other than the State of Maine, thus to deprive Maine and its Courts of territorial jurisdiction, defendant's argument is unsound. As established by three decisions

rendered this day, State v. Holbrook, State v. Merritt and State v. Walker, Me., 318 A.2d 62 (1974) the statute which operatively controls the instant indictment is 34 M.R.S.A. § 710 (and not 34 M.R.S.A. § 527). In the present context, defendant's violation of 34 M.R.S.A. § 710 is constituted by his wilful failure to resume physical confinement at the Maine State Prison in Thomaston, Maine. It is thus an offense which is, as alleged, committed in the State of Maine in Knox County. Maine, therefore, has territorial jurisdiction from which, in turn, flows the Superior Court's jurisdiction of the criminal subject-matter here alleged.[1]

■ Likewise, the precedentially controlling impact of the aforementioned trilogy of decisions—which were fundamentally extrapolations of the full implications of the doctrine previously established in Boyce v. State, Me., 250 A.2d 200 (1969) and reaffirmed in State v. Campbell, Me., 314 A.2d 398 (1974)—requires rejection of defendant's contention that the instant indictment fails to allege facts constituting an indictable offense. Under the foregoing decisions, the indictment herein adequately alleges conduct by the defendant in violation of 34 M.R.S.A. § 710.

The entry is:

Appeal denied.

All Justices concurring.

---

1. For the same reason, the venue of the prosecution in Knox County is likewise correct, as we should decide were it open to defendant to raise the venue issue in this appeal.